IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

IN RE: GWENDOLYN PASS    )
    )  05 B 38019
    )

## NOTICE OF FILING

TO: Zane Zielinski
    C/O Frank/Gecker LLP
    325 N. LaSalle Street Sute 625
    Chicago, Illinois 60610

Please take notice that on February 18, 2009, I filed the attached document with the Clerk of the U.S. Bankruptcy Court.

\S\ Willis E. Brown

**WILLIS E. BROWN**
**120 W. MADISON STREET SUITE 825**
**CHICAGO, ILLINOIS 60602**
**(312)372-3026**

## PROOF OF SERVICE

The undersigned hereby certifies that on February 18, 2009, the above Reeponse was:

    personally delivered

    _ placed in the U.S. mail at 120 W. Madison Street with first
    Class postage prepaid and directed to the parties at the
    addresses set forth above.

    _ Fax

    X _ Electronic Filing

\S\ Willis E. Brown

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

)

IN RE: GWENDOLYN PASS  )

)    05 B 38019

)

)

**DEBTOR'S OBJECTION TO FINAL REPORT AND**

**OTHER RELIEF**

Now comes the Debtor Gwendolyn Pass and prays this Honorable Court enter an order modifying the trustee's report and recommendations, in conformity with this motion or the following reasons and suggestions:

## INTRODUCTION

1. On or about December 28, 2008 the trustee filed a final report for the above entitled cause. The report consisted of a main report along with a number of attachments.

2. The attachments include a proposed distribution report.

3. The Debtor objects to the trustee's report as follows:

    A. The Debtor objects to the mount of the claim of Alan D. Lasko & Associates; and the claim of Timothy Liou (Note: If the claims can be clarified, the Debtor will withdraw her objection).

    B. Previously this Court made adjustments to the Trustee's motion for compensation. The Debtor has not seen any evidence of the corrections in conformity with the directives given by this Court, or an amended fee petition. and

    C. The Debtor requests this Court consider an alternative resolution to the proposed distribution report of the Trustee.

# BACKGROUND

1. Gwendolyn Pass is an older single parent who has a daughter attending college at Roosevelt University.

2. The Debtor over throughout her working years, invested the majority of her earnings in raising her daughter, paying her educational expenses, and purchasing property to obtain income to supplement her living expenses.

3. The Debtor acquired her income property as well as a condominium unit which she lived in her individual name.

4. Gwendolyn Pass was able to sustain a conservative lifestyle over the years without establishing sufficient protection of her home, savings, retirement, for her and her daughter, as well as adequate funds to maintain her real estate holdings.

5. During the year 2005, the Debtor experienced financial problems of not being able to generate sufficient income to pay the cost of maintaining her income property holdings. Gwendolyn Pass attempted to remedy these problems be using more of her personal assets to save the properties.

6. The Debtor finally looked to relief from the U.S. Bankruptcy Court by filing a Chapter 11 bankruptcy.

7. Initially it was believed a chapter 11 could remedy problems with minimum loss of assets.

8. In summary the overall financial picture changed with an increase in creditor claims, claim amounts, and various mortgage creditors insisting on vacating the automatic stay.

9. The creditors through the trustee sought a conversion to an involuntary chapter 7 bankruptcy.

10. The conversion to chapter 7 was subsequently granted over the objection of the Debtor. Conversion to an involuntary chapter 7 did not allow her sufficient time to development her chapter 11 plan.

*11. Gwendolyn Pass and her daughter, as of this writing have no home or appropriate place to live. Throughout the life of this bankruptcy the Debtor and her daughter has had to live with friends, and relatives on a temporary basis.*

*12. The Debtor's sole source of income is from her employment, and what ever source of money (if any) which her daughter can earn from student based jobs as a college student. Their only beneficial remedial remedy is through the Bankruptcy Court and the method which this Court resolves the distribution of money which remains.*

13. The trustee's proposed distribution report reflects a balance of money to be distributed to the unsecured creditors before the above listed objections above.

14. The basis the Debtor's objections in this motion is not to the accuracy of the report but to the fact that there are other alternatives for this Court to consider in distributing the remaining funds other than what has been proposed by the trustee.

## ARGUMENTS

### A

1. It is in the best interests of both Debtor and creditors if the Court allows this Debtor to dismiss her Chapter 7 bankruptcy.

2. A Chapter 7 case can only be dismissed for "cause" under 11U.S.C. sec. 707. The Debtor has no absolute right to dismiss a chapter 7 case, but must demonstrate why dismissal is justified In Re Edward Watkins 229 B.R. 907(1999).

3. The standard established to determine whether cause exists it's whether dismissal is in the *best interest of the debtor and his creditors*. The determination as to whether the standard is met is left to the discretion of the Court In Re Komyathy 142 B.R. 755 (1992).

3. The purpose of a bankruptcy is to provide a procedure where an insolvent debtor can reorder their affairs, make peace with their creditors, and enjoy a new opportunity in life and a clear field for future effort, unhampered by the pressure and discouragement of preexisting debt. Grogan v. Garner 498 US 234(1991).

4. The above principles are uniformly applied in the most cases which addressed the issues of dismissing a Chapter 7 bankruptcy; however most Debtors in these cases failed to obtain a favorable ruling because of insufficient evidence to establish "justifiable cause".

5. Gwendolyn Pass sought the protection of the bankruptcy court in order to minimally save as much of her assets acquired through life time investments and to satisfy her creditors who had a collateral interest in the property.

6. Gwendolyn Pass began her bankruptcy with property and a place for she and her daughter to live. The income derived from the real estate owned by the Debtor supplemented her employment which allowed her to live a modest existence.

7. The secured and unsecured creditors taken as a whole have received in excess of eighty percent (80%) of the money owed to them by the Debtor. The Debtor as proposed by the trustee will receive nothing. Clearly the best interest of the creditors and the Debtor is not served. The creditors will be virtually made whole and the Debtor will be in a worse position then when she first filed the bankruptcy.

8. A dismissal of the chapter will at least give the Debtor some money to establish a conservative lifestyle versus being homeless.

9. The trustee's proposal of distributing the remainder of the money to the unsecured creditors is does not follow the purpose of the bankruptcy procedure for which the Debtor Gwendolyn objects.

B

1. In the alternative to dismissing the Chapter 7 the Debtor requests that this court allow her to convert the Chapter 7 bankruptcy to a Chapter 13 bankruptcy.

2. Under a Chapter 13, the Debtor will be able to pay the remaining unsecured creditors a greater percentage of the debt owed by the Debtor over a period of time.

3. The Debtor will have an opportunity to create a new economic life with the assistance of the remaining money. This proposal is a better alternative than the trustee's proposal in that the best interests of the creditors.

II

A

1. The Debtor objects to the claim of Timothy Liou.

2. Mr. Liou's claim apparently is based upon a request for attorney fees arising from his representation of the Debtor in this bankruptcy case.

3. The court docket does not reflect that Mr. Liou represented Mrs. Pass in this case. Additionally there is no evidence of any order allowing attorney fees to Mr. Liou for representing the Debtor in this case.

4. There is no docket entry showing a withdrawal of Mr. Liou.

5. Mr. Lieu's claim for fees includes only a retainer agreement with the Debtor for the attorney's services. There is no itemization of fees which is required by the court.

6. Based upon the above factors the Debtor objects to the claim of Mr. Liou for attorney fees should be denied.

(Note: it is suspected that the Liou claim is a clerical error. The Debtor will withdraw this objection if some form of clarification can be provided).

B

1. The Debtor objects to the claim of Alan Lasko & Associates.

2. Previously this Court made several reductions in the requested fees of Alan Lasko & Associates. It was the Debtor understands that the reduced amount of fees from the Court's reductions would be reflected in an amended fee petition.

3. A perusal of the Court docket did not reflect the filing of an amended fee petition which reflected the Court's reductions.

4. Previously it was represented that an inordinate amount of time was used to obtain the basis for the property involved in the Debtor's bankruptcy estate. This problem contributed to the extraordinary allocation of costs incurred to amend the estate tax return.

5. The documentation attached to the claim for fees did not reflect the extra time spent, or disclose any unusual or extradinary tasks to justify the additional costs.

6. Based upon the above factors, the petition for fees should be modified accordingly.

C.

1. Previously this Court ordered certain adjustments to the fee petition of Frank/Gecker LLP which lowered the amount of money requested in the trustee's petition.

2. The Debtor has not seen an amended petition reflecting the changes ordered by this Court.

3. The Debtor objects to the attorney's fee petition to the extent an amended petition has not been filed to reflect the court ordered changes.

`**WHERREFORE** the Debtor enter an order:

1. Granting the Debtor's objection to the Trustee's Proposal for Distribution and

A, Allowing the Debtors request to dismiss the Chapter 7 bankruptcy ; or in the alternative set a hearing date for the Debtor's request to Dismiss the Chapter 7 bankruptcy to be heard, or

B. In the alternative, allow the Debtor's motion to convert this chapter 7 Bankruptcy to a Chapter 13 bankruptcy;

C. Grant the objections to the fee requests of Timothy Liou, Frank/Gecker LLP, and Alan Lasko & associates to the extent set forth above; and

D. For such and further relief as this Court deems equitable and just.

Respectfully Submitted

Gwendolyn Pass

\S\Willis E. Brown

by Willis E. Brown, Attorney
for Gwendolyn Pass

**WILLIS E. BROWN**

**120 W. MADISON STREET SUITE 825**

**CHICAGO, ILLINOIS 60602**

**(312)372-3026**